# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

NICKLAS DOUTHIT,                )
                                )
    Plaintiff,              )
                                )
v.                              )    Case No. CIV-19-00447-PRW
                                )
UNITED STATES POSTAL SERVICE    )
and STACY L. CRUMP,             )
                                )
    Defendants.             )

## ORDER OF DISMISSAL

On May 15, 2019, Plaintiff Nicklas Douthit filed his Complaint (Dkt. 1) against Defendants, the United States Postal Service and Stacy L. Crump. No summonses have issued, and nothing else in the record would indicate that service has otherwise been accomplished. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Plaintiff is afforded 90 days in which to serve the Defendants, or else the Court—"on its own after notice to the plaintiff—must dismiss the action without prejudice against th[ose] defendant[s] or order that service be made within a specified time." Notice to the Plaintiff is required to afford the Plaintiff an opportunity to "show good cause for the failure," in which case "the court must extend the time for service for an appropriate period." Plaintiff's 90-day deadline expired August 13, 2019.

On September 20, 2019, this Court issued an Order to Show Cause (Dkt. 3) that directed the Plaintiff to show cause by no later than Friday, September 27, 2019, whether service had been effected upon the Defendants, and if not, why service had not been timely

1

made and that warned the Plaintiff failure to comply would result in dismissal of his case without prejudice to refiling. As of today, no response to the Court's Order to Show Cause (Dkt. 3) has been filed.

Aside from Rule 4(m)'s grant of authority to dismiss this action, Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The problem here is that the Defendants have yet to be served. However, "[a]lthough the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[1] Moreover, "[t]he 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' . . . [D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."[2]

In light of the Plaintiff's apparent failure to prosecute his action, his failure to comply with this Court's Order to Show Cause, and his failure to comply with Rule 4(m)'s 90-day deadline to effect service upon the Defendants, the Court hereby DISMISSES

---

[1] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

[2] *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link*, 370 U.S. at 630–31; citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976))).

WITHOUT PREJUDICE the Plaintiff's lawsuit pursuant to Rule 4(m), Rule 41(b), and its inherent powers to manage its caseload so as to achieve the orderly and expeditious disposition of cases.

**IT IS SO ORDERED this 2nd day of October, 2019.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE